# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

WILLIAM CASTRO,

      *Plaintiff,*

v.                                                  CASE NO. 4:17CV236-MW/CAS

JORGE LABARGA, ET AL.,

      *Defendants.*
_____/

## ORDER ON PLAINTIFF'S MOTIONS FOR RECONSIDERATION

This Court has considered, without hearing, Plaintiff's Motions for Reconsideration. ECF Nos. 54 & 55. As to the Defendant Justices, Plaintiff asserts this Court's Order granting Defendant Justices' Motion to Dismiss contained manifest errors of law and fact warranting reconsideration. This Court makes plain that it in no way disbelieves Plaintiff's facts as alleged. On this front, Plaintiff's quarrel with this Court's prior order is one of semantics. Plaintiff notes the Florida Supreme Court did not *deny* but rather *dismissed* his motion to vacate without even considering Plaintiff's federal claims concerning Defendant Pobjecky's alleged misconduct. But the Florida Supreme Court *denied* Plaintiff's

1

motion for leave to file a motion to vacate and *dismissed* the motion to vacate as unauthorized only after Plaintiff briefed the Justices on Mr. Pobjecky's misconduct in response to the Justices' order to show cause. But even with allegations of fraud and falsification of the panel's recommendation before them, the Justices still decided not to reopen Plaintiff's case.

Plaintiff claims the Justices are violating the Constitution "by unlawfully enforcing the fraudulently-procured judgment issued by the Florida Supreme Court which permanently denied Plaintiff . . . admission to The Florida Bar." ECF No. 1 at 36. This judgment was allegedly "based on the constitutional violations committed by Defendant Pobjecky." *Id.* However, this claim is inextricably intertwined with the state court's judgment as "it would effectively nullify the state court judgment," if successful. *See Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (citation and quotation marks omitted). No matter how Plaintiff frames this claim, he's seeking to have this Court review the Florida Supreme Court's final judgment barring his readmission to the Florida Bar, which places Plaintiff's claim squarely within the ambit of the *Rooker-Feldman* doctrine. Accordingly, Plaintiff's motion as to Defendant Justices, ECF No. 54, is **DENIED**.

Plaintiff's other motion for reconsideration, ECF No. 55, leads to a different result. Though Plaintiff's complaint names Defendant Pobjecky in his individual capacity, this Court treated these claims as official-capacity claims and granted Defendant Pobjecky's Motion to Dismiss, ECF No. 12, on Eleventh Amendment grounds. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 270 (1997) ("Eleventh Amendment immunity represents a real limitation on a federal court's federal-question jurisdiction. The real interests served by the Eleventh Amendment are not to be sacrificed to elementary mechanics of captions and pleading."). But Plaintiff has persuaded this Court that it dropped the ball in doing so. Therefore, Plaintiff's Motion for Reconsideration, ECF No. 55, is **GRANTED**, and this Court **VACATES** the previous order granting Defendant Pobjecky's motion to dismiss. ECF No. 52. This Court also vacates the Clerk's Judgment. ECF No. 53.

There being no just reason for delay, this Court directs the Clerk to enter a new partial final judgment pursuant to Rule of Civil Procedure 54(b)[1] stating "Plaintiff's federal claims, Counts I,

---

[1] This Court entered separate orders on the motions to dismiss but directed entry of only one judgment against all Defendants. This Court recognizes it

3

II, III, IV, are dismissed with prejudice for lack of subject matter jurisdiction against the Defendant Justices." Further, the Clerk is directed to **REOPEN** this case and to set a hearing on Defendant Pobjecky's Motion to Dismiss, ECF No. 12. This Court looks forward to addressing the motion with the parties in Tallahassee.

     **SO ORDERED on November 20, 2017.**

                               **s/Mark E. Walker**
                               **United States District Judge**

---

has several options available to correct its error. So there is no question, this Court vacates the prior judgment and directs the entry of a new partial final judgment in favor of only Defendant Justices. Plaintiff's time to appeal this Court's Order Granting the Defendant Justices' Motion to Dismiss, ECF No. 51, begins to run with entry of this order.  This would have been true if this Court simply denied the motion for reconsideration, amended the judgment or, as here, vacated the judgment and entered a new partial judgment.